IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEPHON WOODS, # 149299,      )
                              )
        Plaintiff,            )
                              )
v.                            )      CIVIL ACTION NO.  2:04cv1221-WKW
                              )                    (WO)
DR. SIDDIQ, *et al*.,         )
                              )
        Defendants.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, Stephon Woods ("Woods"),

complains that the defendants violated his Eighth Amendment right to be free from cruel and

unusual punishment by hindering, delaying and failing to provide him adequate medical care.

Specifically, Woods alleges that as a result of the defendants' failure to promptly treat his

hypertension, he suffered a stroke.  The plaintiff names as defendants Dr. Siddiq, Nurse

Katherine Taylor, Nurse Anne Grooms, and Prison Health Services, Inc.  Woods seeks

compensatory and punitive damages, and injunctive relief.

The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(c)(3).  The

defendants have filed special reports and evidentiary material pursuant to the orders of the

court.  The court has previously determined that the special reports should be treated as a

motion for summary judgment.  The plaintiff was provided an opportunity to respond to the

motion and has done so.  Upon consideration of the motion, pleadings, responses and

evidentiary material filed in support of and in opposition to the motion, the court concludes

that the motion for summary judgment is due to be granted.

## FACTS

The facts are relatively simple and undisputed.  At all times relevant to this action, plaintiff Woods was incarcerated at the Bullock County Correctional Facility.[1]  On February 26, 2004, Woods reported to sick call complaining that he felt groggy and dizzy.  Nurse Christie[2] noted that Woods' blood pressure was elevated.  Woods was directed to return to the health care unit twice a day for three days so that his blood pressure could be monitored.  Woods' blood pressure was monitored for three days,[3] and on March 1, 2004, Woods was examined by Dr. Siddiq.  Dr. Siddiq prescribed hydrochlorothiazide ("HCTZ") to be taken once per day.

Woods reported to pill call at 10:30 a.m. and 5:00 p.m. to receive his medication but none was available.  After Woods complained that "he had been feeling bad for nearly two days," an unnamed nurse suggested giving Woods another inmate's medication.  According to Woods, Nurse Taylor "in a very nasty attitude told the nurse she couldn't do [give him someone else's medication] and told [Woods he] would have to wait for [his] to come in." (Woods' Affidavit at 1).

At 8:15 p.m., Woods presented to the health care unit complaining that he was very

---

[1]  Woods has since been paroled.  *See* Doc. # 28.

[2]  Nurse Christie is not named as a defendant in this action.

[3]  His blood pressure readings included readings of 170/90, 130/80, 134/90, and 170/118.

shaky.  His blood pressure was elevated.  Woods was directed to lie down for observation and he was given a dose of HCTZ.[4]  At 10:25 p.m., Nurse Groom discovered Woods in a semi-conscious state.  Woods' blood pressure was not elevated at that time, but his heart rate and respiration were.  Woods was also having seizures.  Groom contacted Siddiq who had Woods transferred by ambulance to Bullock County Hospital.

Woods was treated at the hospital from March 2, 2004 until March 12, 2004 when he was returned to Bullock County Correctional Facility. Since his return to Bullock County, Woods's seizures and hypertension have been treated with medication.

## DISCUSSION

### A.  Standard of Review

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in

---

[4] Woods admittedly does not remember anything that happened between the time he laid down for observation and when he awoke at Baptist Hospital.

favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  The record in this case demonstrates that the plaintiff has failed to establish that there is any genuine issue as to a material fact in order to avert judgment in favor of the defendants.

## B.  Deliberate Indifference to Medical Needs

The plaintiff first complains that the defendants were deliberately indifferent to his serious medical needs by delaying giving him his HCTZ medication for ten hours.  To prevail in a suit based on an Eighth Amendment claim concerning serious medical needs, a prisoner must show at a minimum that prison officials acted with deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000);  *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999);  *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985).  A prison official may be held liable under the Eighth Amendment for acting with

"deliberate indifference" to an inmate's health when the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Prison officials must have been deliberately indifferent to a known danger before the court can say that their failure to intervene offended "evolving standards of decency," thereby rising to the level of a constitutional violation. *Estelle*, 429 U.S. at 105-06. The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires. *See Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

> The "seriousness" of an inmate's medical needs also may be decided by reference to the effect of delay in treatment. . . . An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) . . . Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1189-89 (11th Cir. 1994).

The medical records filed in this case demonstrate without dispute that the plaintiff received medical care for his hypertension.[5]  Although the plaintiff argues that he should have received his HCTZ as soon as it was prescribed rather than 10 ten hours later, he presents no evidence that the delay created a substantial risk to his health.  It is absolutely undisputed that Woods was not denied treatment. Although Woods maintains that he suffered a stroke as a result in the delayed medication, he has failed to present any medical evidence to establish that the stroke was the result of the defendants' actions or that the defendants in any way disregarded a known substantial risk to his health by delaying medical treatment. *See generally Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003).  At best, the plaintiff offers the court nothing more than his own unsubstantiated opinions about the quality of the medical care which he received.  It is clear that the plaintiff's disagreement is with the efficacy of his treatment.  Woods' desire for different or additional treatment does not establish a constitutional violation. *Hamm, supra.*  The plaintiff's opinions are insufficient to create a genuine issue, and his failure to support his claim with medical or scientific evidence is fatal to it. *See Brown, supra* (A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis for any medical examination evidence supporting those

---

[5]  There is no evidence in the record, and the plaintiff does not suggest, that the defendants were aware of his seizure condition and failed to treat him.  The undisputed facts demonstrate that the defendants became aware of the plaintiff's seizures when he had the first one on March 2, 2004 in the infirmary.

allegations).  Therefore, it is clear that the plaintiff has failed to establish a genuine issue about deliberate indifference on the part of the defendants with respect to this aspect of his claim.

Moreover, even if the court were to assume that the defendants were negligent in the manner in which they handled Woods' complaints, mere negligence in providing medical care is insufficient to violate the Constitution.  *Estelle, supra.*  In the final analysis, the plaintiff has failed to come forward with any evidence that the defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  *Farmer, supra.*  It is undisputed that the plaintiff received medical treatment for his complaints and that he was provided access to follow-up medical care.  The plaintiff has not shown by medical evidence consistent with FED. R. CIV. P. 56(e) that the treatment he received for hypertension was so deficient as to amount to deliberate indifference in  violation of the Eighth Amendment.  *See Brown, supra*.  Consequently, Woods has failed to establish a genuine issue about deliberate indifference on the part of the defendants.  *Id.,* at 670.  Summary judgment is therefore due to be granted in their favor on this claim. *Celotex,* 477 U.S. at 322-23.

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment filed by the defendants be granted and that this case be dismissed with prejudice.  It is further the recommendation of the Magistrate Judge that the costs of this

proceeding be taxed against the plaintiff.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 30, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of May, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

8